**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA COLLINS,<br>　　　　Plaintiff, | : <br> : <br> : | Civil Action No. |
| v. | : <br> : <br> : | Complaint and Jury Demand |
| ALL STAFFING WAREHOUSING<br>LOGISTICS, INC.,<br>　　　　Defendant. | : <br> : <br> : | |

## CIVIL ACTION

Plaintiff, Melissa Collins (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against All Staffing Warehousing Logistics, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Family and Medical Leave Act of 1993, as amended ("FMLA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Croydon, PA.

3. Upon information and belief, Defendant All Staffing Warehousing Logistics, Inc. is a

staffing and warehousing company with a location and corporate headquarters located at 3161 State Road, A3, Bensalem, PA 19020.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

2

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA, Title VII and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on September 9, 2025, alleging disability and sex discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-09719 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 1, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is female.

23. Plaintiff was hired by Defendant on or about October 25, 2021, in the position of Accounting/Office Manager.

24. At all times relevant hereto, Plaintiff performed her job duties in a competent and exemplary manner, meeting or exceeding Defendant's legitimate performance expectations.

25. Throughout her employment, Plaintiff was a dedicated and loyal employee who consistently fulfilled her responsibilities over the course of nearly four (4) years.

## PLAINTIFF'S DISABILITY AND DEFENDANT'S FAILURE TO ACCOMMODATE

26. In or about 2023, Plaintiff notified Defendant that she suffered from chronic migraines, a medical condition that constitutes a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

27. The major life activities affected by chronic migraines include, but are not limited to, communicating and working

28. In or about April/May 2025, Plaintiff began new prescribed medication to manage her migraines.

4

29. Despite Plaintiff's known disability, Defendant failed to engage in a meaningful interactive process or provide a reasonable accommodation.

30. By way of example and not limitation, Phil Lepre, Owner/CEO, and Tim Brophy, Operations Manager, mocked Plaintiff's disability by banging on her office door and flickering her office lights on and off, conduct that Defendant knew of or should have known of and failed to address.

31. Defendant did not properly discuss any available accommodations with Plaintiff through the interactive process.

32. Notwithstanding Plaintiff's known disability, Defendant subjected her to heightened scrutiny regarding her attendance and leave usage.

## DEFENDANT SUBJECTED PLAINTIFF TO A SEXUALLY HOSTILE WORK ENVIRONMENT

33. Throughout Plaintiff's employment, Defendant maintained a sexually hostile work environment. By way of example and not limitation:

   a. Two younger female coworkers confided to Plaintiff that they did not feel safe being left alone with Lepre.

   b. Sexually inappropriate jokes and comments were made on a near-daily basis.

   c. Plaintiff personally observed Lepre leave pornographic material open on his computer, and she heard him watching pornography with his office door closed on multiple occasions. At least one other employee witnessed this conduct.

   d. Lepre forced hugs on Plaintiff and other employees.

   e. Brophy shut Plaintiff's door and pretended to unzip his pants in her presence.

   f. An unknown individual grabbed Plaintiff's breast during a group hug.

34. Plaintiff refrained from formally reporting these incidents out of fear of retaliation, as Lepre himself was the primary perpetrator of the sexual misconduct.

35. The sexual harassment described herein was severe and pervasive and unreasonably interfered with Plaintiff's ability to perform her job duties.

## DEFENDANT DISCRIMINATED AGAINST PLAINTIFF BASED ON HER SEX AND STATUS AS A SINGLE MOTHER

36. Plaintiff is the single mother of a sixteen (16)-year-old daughter.

37. Defendant further discriminated against Plaintiff because of her sex and status as a single mother.

38. Defendant expressed displeasure that Plaintiff did not respond to emails or calls after hours or on weekends, even though such communications were not essential to her role.

39. Defendant also objected to Plaintiff leaving at 4:30 p.m. to fulfill her childcare obligations.

40. Plaintiff was the only female employee with a minor child, and Defendant deducted from her paid-time off ("PTO") for brief lateness or for leaving early due to her childcare responsibilities, constituting discriminatory treatment based on her sex and status as a single mother.

## DEFENDANT INTERFERED WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

41. In late 2024, following a close family member's death, Plaintiff utilized several personal days.

42. In March 2025, Plaintiff's child's father, who was also her legal spouse, passed away, requiring Plaintiff to use days sporadically to handle related matters.

43. Rather than providing support, Defendant issued Plaintiff her first and only written warning for attendance in connection with these absences.

44. In connection with these absences, Defendant miscalculated Plaintiff's PTO, improperly deducting her PTO and shortchanging her leave balance.

45. Although Plaintiff inquired about the Family and Medical Leave Act ("FMLA") leave in the context of her migraine-related absences, Defendant never informed Plaintiff of her rights under the FMLA or offered her the option of intermittent FMLA leave, despite her eligibility.

46. Defendant's failure to notify Plaintiff of her FMLA rights and its interference with her ability to exercise those rights constitutes FMLA interference.

**DEFENDANT TERMINATED PLAINTIFF**

47. On or about June 2, 2025, Plaintiff called out of work due to a migraine, only to discover that her paycheck was short.

48. Despite having PTO available as a salaried employee, Defendant falsely claimed she had exhausted her leave and reimbursed her for only half of the day.

49. On June 27, 2025, Plaintiff again missed work due to a severe migraine that required hospitalization.

50. She reasonably believed her remaining PTO would cover the absence.

51. On June 30, 2025, Defendant unlawfully terminated Plaintiff's employment, citing alleged attendance violations.

52. On July 2, 2025, Plaintiff received her final paycheck, which was again short of the amounts owed to her.

53. Defendant subsequently replaced Plaintiff with her own subordinate in Payroll.

54. At all times relevant hereto, Plaintiff performed her job duties in a satisfactory manner. Defendant's stated reasons for her termination are pretextual.

7

55. The true reasons for Plaintiff's termination were:

    a.   her disability and need for reasonable accommodation;

    b.   her use and attempted use of FMLA leave;

    c.   her sex and status as a single mother; and

    d.   her refusal to acquiesce to a sexually hostile work environment.

56. Defendant discriminated against Plaintiff because of her disability, interfered with and retaliated against her attempted use of FMLA, subjected her to a sexually hostile work environment, wrongfully terminated her employment and did not pay her properly in violation of the ADA, Title VII, the PHRA, the FMLA and the WPCL.

57. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

60. Plaintiff was qualified to perform the job.

61. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

62. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

63. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

64. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

65. The purported reason for Defendant's decision is pretextual.

66. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

67. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

68. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

69. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

72. Plaintiff was qualified to perform the job.

73. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

74. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

75. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

76. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

77. The purported reason for Defendant's decision is pretextual.

78. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

79. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

80. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – SEX DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff is a member of protected classes in that she is female.

83. Plaintiff was qualified to perform the job.

84. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

85. Circumstances exist related to the above cited employment actions that give rise to an

inference of discrimination.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

88. Defendant terminated Plaintiff.

89. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – SEX DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. Plaintiff is a member of protected classes in that she is female.

92. Plaintiff was qualified to perform the job.

93. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

94. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

95. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

96. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

97. Defendant terminated Plaintiff.

98. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff is a member of protected classes in that she is female.

101. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a.  Plaintiff suffered intentional discrimination because of her membership in a protected class – female;

    b.  Such discrimination was severe and/or pervasive.

    c.  Such discrimination detrimentally affected Plaintiff; and

    d.  Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

102. The unlawful employment practices outlined above were intentional.

103. Plaintiff suffered tangible employment actions alleged herein, to include, but not necessarily be limited to, her termination.

104. Defendant knew or reasonably should have known of the sexual harassment.

105. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

106. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI**
**SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**PENNSYLVANIA HUMAN RELATIONS ACT**

107. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

108. The foregoing conduct created a sexually hostile work environment for Plaintiff.

109. Plaintiff suffered intentional discrimination because of her sex.

110. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

111. Defendant knew or should have known of the sexual harassment.

112. The discrimination detrimentally affected Plaintiff.

113. Plaintiff suffered tangible employment actions as alleged herein, to include, but not necessarily be limited to, termination.

114. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

115. Defendant knew or reasonably should have known of the sexual harassment.

116. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

117. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

118. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

119. Plaintiff engaged in activity protected by the ADA.

120. Plaintiff requested reasonable accommodations due to her disabilities to Defendant.

121. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

122. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

122. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

123. Plaintiff engaged in activity protected by Title VII.

124. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

125. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

14

## COUNT IX – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

126. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

127. Plaintiff engaged in activity protected by the PHRA.

128. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

129. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT X – INTERFERENCE
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

130. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

131. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

132. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

133. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

134. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

135. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the

15

exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

136. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

137. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

138. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT XI – RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

139. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

140. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

141. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical conditions.

142. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

143. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

144. As a result of Plaintiff's attempt to invoke her FMLA rights, by inquiring of her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

145. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's inquiring about FMLA leave.

146. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

147. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

148. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

149. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## <u>COUNT XII – VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW</u>

150. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

151. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq.

152. Plaintiff was entitled to receive her full earned wages, salary, and accrued PTO in accordance with Defendant's established policies and her employment agreement.

153. During her employment, Defendant improperly deducted from Plaintiff's PTO balance and issued Plaintiff a paycheck on or about June 2, 2025, that was short of the amounts lawfully owed to her.

154. Upon Plaintiff's termination on June 30, 2025, Defendant was obligated to pay Plaintiff all wages and compensation earned and due as of her last day of employment.

155. Defendant issued Plaintiff a final paycheck on or about July 2, 2025, that was again short of the amounts lawfully owed to her, in violation of the WPCL.

156. Defendant's failure to pay Plaintiff all earned wages and compensation when due constitutes a violation of the WPCL.

157. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, including unpaid wages, liquidated damages, and reasonable attorneys' fees and costs, as set forth herein.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Melissa Collins, requests that the Court grant her the following relief against Defendant:

(a)     Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b)     Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c)     Punitive damages;

(d)     Reasonable attorneys' fees;

(e)     Recoverable costs;

(f)     Pre and post judgment interest;

(g)     An allowance to compensate for negative tax consequences;

(h)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the PHRA, the FMLA and the PWPCL.

(i)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

19

reasons cited for its adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

### JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

### CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: July 29, 2026             **By:**   */s/David M. Koller*
                                          David M. Koller, Esquire
                                          Jordan D. Santo, Esquire
                                          2043 Locust Street, Suite 1B
                                          Philadelphia, PA 19103
                                          215-545-8917
                                          davidk@kollerlawfirm.com
                                          jordans@kollerlawfirm.com

                                          *Counsel for Plaintiff*

20